# United States District Court
## Eastern District of California

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| | (For Offenses committed on or after November 1, 1987) |
| **ORION JOHNSON** | Criminal Number: **2:00CR00277-01** |
| | Matthew Bockmon, Asst. Federal Defender |
| | Defendant's Attorney |

**THE DEFENDANT:**

[✔] admitted guilt to violation of charge(s) __1__ as alleged in the violation petition filed on __11/20/2008__.
[ ] was found in violation of condition(s) of supervision as to charge(s) ___ after denial of guilt, as alleged in the violation petition filed on _____.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violation(s):

| **Violation Number** | **Nature of Violation** | **Date Violation Occurred** |
|---|---|---|
| 1 | Failure to Reside and Participate in a Residential Reentry Center | 11/11/2008 |

The court: [ ] revokes: [ ] modifies: [✔] continues defendant under the same conditions of supervision heretofore ordered on 4/11/2001, with additional special conditions as noted on page 2.

The defendant is sentenced as provided in pages 2 through _2_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] Charge(s) _____ is/are dismissed, upon motion made by the Government.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

February 2, 2009
Date of Imposition of Judgment

*/s/ William B. Shubb*
Signature of Judicial Officer

**William B. Shubb, United States District Judge**
Name & Title of Judicial Officer

February 4, 2009
Date

AO 245B-CAED (Rev. 3/04) Sheet 4 - Special Conditions of Supervised Release
Case 2:00-cr-00277-WBS   Document 35   Filed 02/05/09   Page 2 of 2

| CASE NUMBER: | 2:00CR00277-01 | Judgment - Page 2 of 2 |
|---|---|---|
| DEFENDANT: | ORION JOHNSON | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition; and

2. The defendant shall not dispose of or otherwise dissipate any o f his assets until the fine and/or restitution ordered by this Judgment is paid in full, unless the defendant obtains approval of the Court or the probation officer.

3. The defendant shall provide the probation officer with access to any requested financial information.

4. The defendant shall not open additional lines of credit without the approval of the probation officer.

5. As directed by the probation officer, the defendant shall participate in a correctional treatment program (inpatient or outpatient) to obtain assistance for drug or alcohol abuse.

6. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

7. The defendant shall not possess or have access to any paging device or cellular phone without the advance permission of the probation officer. The defendant shall provide all billing records for such devices, whether used for business or personal, to the probation officer upon request.

8. The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale.

9. The defendant shall comply with the conditions of home detention for a period of 180 days to commence when directed by the probation officer. During this time, the defendant will remain at place of residence except for employment and other activities approved in advance by the defendant's probation officer. The defendant will maintain telephone service at his place of residence without an answering device, call forwarding, a modem, caller ID, call waiting, or a cordless telephone for the above period.

    At the discretion of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures as specified by the probation officer. The defendant shall pay the cost of electronic monitoring as determined by the probation officer.

10. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.